**FILED**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MAY **16** 2019

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CAMERON TAYLOR, | ) |
| | ) |
| Defendant. | ) |

**4:19CR394 CDP/NAB**

## INDICTMENT

## COUNTS 1 THROUGH 3

(Social Security Fraud)

### A.  Introduction

1.  The federal government created the social security number in 1936 to track the earning of United States workers, to determine a Social Security program applicant's entitlement to benefits, and to compute the applicant's benefit levels.

2.  Because the social security number is assigned to nearly every legal resident of the United States, the private sector uses it as its chief means of identifying and gathering information about an individual.  By combining a person's social security number, name, and date of birth, businesses within the private sector have been able to determine a person's credit worthiness.

3.  Synthetic identity theft is a type of fraud in which various forms of information are combined to create a new identity.  The forms of information often include stolen or fictitious social security numbers.

1

4.     The new identity is used to open financial accounts and make purchases from retailers and financial institutions who will accept the representations as true, and extend credit based upon the newly created identity.

5.     Often times, the social security numbers used in synthetic identity theft have been issued to children, or others who use little, if any, credit.

B.  **Fraudulent Use of the Social Security Number of Another Person**

6.     On or about the dates listed below, within the Eastern District of Missouri, the defendant,

**CAMERON TAYLOR,**

in a matter within the jurisdiction of the United States Social Security Administration, for the purpose of obtaining something of value and for other purposes, knowingly, and with the intent to deceive, falsely represented to car dealerships, federally insured financial institutions, and motor vehicle title lenders that the social security number listed below had been issued to him so defendant could obtain credit and other items of value, when in fact the social security number had not been issued by the Social Security Administration to him:

| COUNT | DATE | NUMBER | ITEM SOUGHT |
|-------|------|--------|-------------|
| 1 | June 1, 2016 | xxx-xx-2184 | Commerce Bank Vehicle Loan |
| 2 | November 8, 2016 | xxx-xx-8169 | TitleMax Motor Vehicle Title Loan |
| 3 | January 24, 2017 | xxx-xx-8169 | Vantage Credit Union Commercial Loan |

All in violation of Title 42, United States Code, Section 408(a)(7)(B).

## COUNTS 4 THROUGH 6

(Bank Fraud)

The Grand Jury realleges the facts set forth in paragraphs 1 through 5 and further charges:

### B.   FINANCIAL INSTITUTIONS

7.    At all times relevant to the indictment, Commerce Bank, Ally Bank, and Vantage Credit Union, were financial institutions insured by the federal government through the National Credit Union Association and the Federal Deposit Insurance Corporation.

### C.   THE SCHEME TO DEFRAUD

8.    Between on or about October 25, 2014 and February 22, 2017, within the Eastern District of Missouri, the defendant,

**CAMERON TAYLOR,**

devised a scheme and artifice to obtain moneys, funds, and assets owned by and under the custody and control of federally insured financial institutions by means of false and fraudulent pretenses and representations.

9.    The scheme and artifice to defraud was in substance as follows:

a.   It was part of the scheme and artifice to defraud that the defendant applied for credit from federally insured financial institutions a number other than the social security number issued to him by the Social Security Administration.

3

b.  It was further part of the scheme and artifice to defraud that the defendant falsely stated his employment and income to the federally insured financial institutions in order to open accounts and obtain credit.

c.  It was further part of the scheme and artifice to defraud that the defendant produced counterfeit identification documents, social security cards, paystubs, tax forms, and utility bills in order to verify his identity, residency, and income.

d.  It was further part of the scheme and artifice to defraud that the defendant fraudulently removed the lienholder from motor vehicle titles issued by the State of Missouri and the State of Illinois in order to use the vehicles as collateral.

**D.**      **The Financial Transactions**

10.    On or about the dates listed below, in the Eastern District of Missouri, the defendant,

**CAMERON TAYLOR,**

executed and attempted to execute the scheme and artifice as set forth above, in that,

**CAMERON TAYLOR** made false statements to the federally insured financial institutions listed below and submitted forged and counterfeit documents in order to secure, and attempt to secure, credit:

| COUNT | DATE | FINANCIAL INSTITUTION | LOAN AMOUNT |
|---|---|---|---|
| 4 | June 1, 2016 | Commerce Bank | $42,929.73 |
| 5 | November 8, 2016 | Ally Bank | $10,000.00 |
| 6 | January 24, 2017 | Vantage Credit Union | $20,000.00 |

4

All in violation of Title 18, United States Code, Section 1344.

## COUNT 7

(Mail Fraud)

**A.**     **Introduction**

11.    The State of Missouri Department of Revenue is tasked with ensuring that motor vehicles belonging to residents of the state are properly titled, and that, if there are financial obligations secured by the vehicles, the liens are properly recorded.

12.    The receiving office forwards, through the United States Postal Service and other means, the specified documents to the Department of Revenue in Jefferson City, Missouri. Upon receipt of the documents, the Department processes the application. If approved, the Department will mail the requested title to the registered owner at the designated address.

13.    If the vehicle was purchased with a loan, the lender secures its interest by completing the section of the application designated for the lienholder. The State of Missouri records the lien in its database until such time as the funds are repaid, and the lienholder releases its interest in the vehicle through a lien release. Until such time as the lien is satisfied, the State of Missouri will not issue a title that does not list the lender as the first lienholder regardless as to whether the car is resold and another lender seeks to secure its interest in the same property.

**B.**     **The Scheme to Defraud**

14.    Beginning on or about October 25, 2014, and continuing through on or about July 7, 2017, in the Eastern District of Missouri and elsewhere,

5

**CAMERON TAYLOR,**

hereinafter referred to as defendant, and others known and unknown to the Grand Jury, devised,

and intended to devise, a scheme and artifice to defraud the State of Missouri, the State of

Illinois, financial institutions, and creditors, by means of materially false and fraudulent

pretenses, representations and promises that, he was presenting legitimate documents in order to

obtain state issued motor vehicle titles, well knowing that such pretenses, representations and

promises would be and were false and fraudulent when made.

15.   It was part of the scheme and artifice to defraud that:

a.   Defendant financed the purchase of 2015 Dodge Ram Pickup Truck from
Commerce Bank.

b.   Defendant produced fraudulent lien releases misrepresenting that he had
fulfilled his financial obligation to creditors that used the 2015 Dodge Ram Pickup
Truck as collateral.

c.   Defendant authenticated the lien releases with a falsely made State of Missouri
Notary Public Seal bearing the name J.W. and identification number 16845093.

d.   Using the fraudulent lien releases, defendant obtained, and attempted to obtain,
motor vehicle titles from the Secretary of State for Missouri and the Secretary of State
for Illinois that did not list the security interest by the various lienholders.

e.   Defendant instructed the Secretary of State for Missouri and the Secretary of
State of Illinois to mail the fraudulently obtained motor vehicle titles to addresses in
the Eastern District of Missouri.

6

C.    **The Mailing**

16.    On or about August 9, 2016, in the Eastern District of Missouri and elsewhere, the defendant,

## CAMERON TAYLOR,

for the purpose of executing the above-described scheme to defraud, did knowingly cause to be deposited a letter containing a fraudulently obtained motor vehicle title, which was sent and delivered by the United States Postal Service, from the Secretary of State of Illinois, 213 State Capitol, Springfield, Illinois, to Rush Transport Service, 224 North Highway 67 Street, Suite 205, Florissant, Missouri.

In violation of Title 18, United States Code, Section 1341.

## COUNT 8

(Mail Fraud)

The Grand Jury realleges the facts set forth in paragraphs 11 through 15 and further charges:

C.    **The Mailing**

17.    On or about November 18, 2016, in the Eastern District of Missouri and elsewhere, the defendant,

## CAMERON TAYLOR,

for the purpose of executing the above-described scheme to defraud, did knowingly cause to be deposited a letter containing a fraudulently obtained motor vehicle title, which was sent and delivered by the United States Postal Service, from the Department of Revenue, 301 West High

Street, Jefferson City, Missouri, to TitleMax of Missouri Inc. d/b/a TitleMax, 11449 St. Charles

Rock Road, Bridgeton, Missouri.

In violation of Title 18, United States Code, Section 1341.

## COUNT 9

(Mail Fraud)

The Grand Jury realleges the facts set forth in paragraphs 11 through 15 and further charges:

C.   **The Mailing**

18.   On or about January 31, 2017, in the Eastern District of Missouri and elsewhere, the

defendant,

### CAMERON TAYLOR,

for the purpose of executing the above-described scheme to defraud, did knowingly cause to be

deposited a letter containing a fraudulently obtained motor vehicle title, which was sent and

delivered by the United States Postal Service, from the Department of Revenue, 301 West High

Street, Jefferson City, Missouri, to Taylor Cameron, 3223 Utah Street, Saint Louis, Missouri.

In violation of Title 18, United States Code, Section 1341.

## COUNT 10

(Interstate Transportation of Securities)

The Grand Jury realleges the facts set forth in paragraphs 11 through 15 and further charges:

C.     **Interstate Transportation of Falsely Made Security**

19.    On or about August 9, 2016, in the Eastern District of Missouri, the defendants,

**CAMERON TAYLOR,**

did, with unlawful and fraudulent intent, transport in interstate commerce a falsely made

security, that being, State of Missouri Title Number TCN58815 issued for a 2015 Dodge Ram

Pickup Truck with vehicle identification number 3C63RRGL7FG512650 which falsely stated

that there was no lienholder for the vehicle, when in fact, as defendant knew the Certificate of

Title was falsely made because Commerce Bank held a security interest in the vehicle, and which

security was moving as, part of, and constituting interstate commerce.

In violation of Title 18, United States Code, Section 2314.

A TRUE BILL.


_____

FOREPERSON


JEFFREY B. JENSEN
United States Attorney


_____

TRACY LYNN BERRY - 014753 TN
Assistant United States Attorney

9